IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YASMIN KHALIFA,

               Plaintiff,

           v.

SCHEDULE A DEFENDANTS,

               Defendants.

Case No. 26-cv-531

**PLAINTIFF'S MOTION TO FILE UNDER SEAL**

Pursuant to Local Civil Rule 5.2(H) Plaintiff, by and through their undersigned counsel, submits this Motion to file Under Seal.  Plaintiff seeks an Order allowing Plaintiff to file under seal the following documents which identify the Defendants and the information associated with their online platform accounts:

1. Schedule "A" to the Complaint;

2. An *Ex Parte* Motion for a Temporary Restraining Order, together with the supporting documents;

3. An *Ex Parte* Motion for Alternative Service, together with the supporting documents; and

4. The summonses in this matter.

Good cause exists for the foregoing order.  The Defendants are foreign entities engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods using infringements of Plaintiff's registered copyrights on various online platforms. They have registered their storefronts on these platforms using fictitious names and addresses. Upon receiving notice of this action, they can easily and rapidly drain all of the assets from their accounts, abandon their fictitious identities, and resume selling infringing goods under another

- 1 -

invented identity, are extremely likely to do so. Furthermore, because they have used fraudulent identifying information on their accounts, Plaintiff is unlikely to have any source of financial recovery outside the amounts currently in Defendants' online accounts.

Serial foreign infringers like Defendants engage services to monitor dockets for filings that identify them. Therefore, filing the documents listed above would provide Defendants with notice of the pendency of this action prior to freezing their accounts, effectively depriving Plaintiff of any meaningful recovery and allowing Defendants to violate U.S. intellectual properly laws with impunity.  Accordingly, Plaintiff is seeking to seal the above documents and will seek an *ex parte* TRO freezing Defendants accounts. *See In re Avandia Mktg. Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (the presumption of access to court filings may be rebutted by a showing that "the interest in secrecy outweighs the presumption," i.e., "that the material is the kind of information the courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure;" and "[t]he injury must be shown with specificity.").

Plaintiff therefore requests that the above-identified documents remain under seal until the Court has the opportunity to rule on Plaintiff's request for temporary *ex parte* relief and, if granted, the relief the Court orders has been effectuated.  At that time, Plaintiff will move to unseal, will make all pleadings and orders filed in this matter available to Defendants, and will enter Defendants' names into the Court's CM/ECF system.

Respectfully submitted,

Dated:  April 1, 2026

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

- 2 -

- 3 -

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 – Facsimile
Attorneys for Plaintiff